## STATE ex PYLES v INDUSTRIAL COMMISSION

Ohio Appeals, 2nd Dist, Franklin Co

No 2819.  Decided February 23, 1938

Wardlaw, Gertner & Armstrong, Columbus, for Relator.

Herbert S. Duffy, Attorney General, Columbus, Eugene Carlin, Asst., Attorney General, Columbus, for respondent.

## OPINION

By HORNBECK, J.

This is an action to mandamus the respondent commission to grant the application of relator for a rehearing on a claim for benefits because of a second disability.

Formerly this case was in this court upon the same facts.

On October 31, 1933, the relator, in the course of his employment, suffered a compound comminuted fracture of the right femur, for which compensation was awarded. Thereafter, on April 3, 1934, before recovery of the first fracture, while following instructions of his physician, relator fell and suffered a fracture of the neck of the trochanter of the same leg as theretofore injured. The second injury having come to the attention of respondent through relator's physician, investigation was made and at the instance of an investigator for respondent relator made a statement respecting that injury, supported by affidavit. Nothing more was done prior to November 9, 1934. On that date respondent awarded relator further conmpensation for the first injury but denied "compensation for the second injury for the reason that the disability was not sustained in the course of relator's employment" and notified relator of its action. No step thereafter was taken by relator until January 27, 1936, when he filed with respondent an application wherein he asked the commission to consider and order paid added medical and hospital bills incident to and resulting from the second injury. On April 20, 1936, respondent considered the application and denied the relief sought in this language:

"Heard upon the statement of facts of Mr. Blend on the question of paying compensation and medical bills by reason of claimant's injury of April 3, 1934. This question was decided by the Commission on November 9, 1934, at which time it was found that said injury was not sustained in the course of and arising out of claimant's employment, and it was at that time ordered that no compensation nor medical bills be paid on account of said injury. It is ordered that the Commission's former order of November 9, 1934, be affirmed and that the claimant's application for payment of compensation and medical bills by reason of said injury of April 3, 1934, be denied."

Thereafter, and within thirty days, relator filed his application for rehearing with respondent and also instituted an action in mandamus in this court requiring the respondent to grant the relief requested in the application of January 27, 1936.

After this court had overruled a demurrer to the petition the mandamus action was submitted upon the record incident to

relator's case before the respondent and other testimony. This court found that the only construction which could be placed upon the application of January 27, 1936, was that it was an application for modification of award and not an application for compensation, under §1465-90 GC, for a new and independent injury arising from and growing out of the course of relator's employment; that the relator claimed nothing other or further for the application and that the respondent commission could not, by an attempted denial on jurisdictional grounds, give it other purport and meaning and, further, that the undisputed testimony compelled the conclusion that the second fracure was but an aggravation of the first and that in law the relator was entitled to the added benefits sought. The writ of mandamus was ordered.

An appeal on questions of law was prosecuted to the Supreme Court, which handed down a per curiam without syllabus, announcing that a writ of mandamus does not lie where there is another plain and adequate remedy at law. The court gave no consideration to the proposition argued at length in this court that the second injury was the proximate result of the first, not a new and separte injury, nor did the court give any weight whatever to the only claim that relator had made, viz., that the application of January, 1936, was for a modification of award, and held that inasmuch as the commission had, in denying the application, further found that the injury was not sustained in the course of and arising out of claimant's employment is was a denial of a claim for compensation on jurisdictional grounds.

By force of the viewpoint of the Supreme Court the relator was forced to abandon his theory and to adopt that of the court and to proceed as though the application of January, 1936, was made under §1465-90 GC. Relator, within thirty days after the application of January, 1936, filed his application for rehearing, which respondent refused to consider because not filed within thirty days after the denial of the application of date November 9, 1934, this application being the statement and affidavit of relator secured by an investigator of respondent.

We are constrained to hold that under the facts appearing and upon a statement in the opinion of the Supreme Court, the application for compensation upon which the right to a rehearing arose, was made of date January 27, 1936, and not of date November, 1934. At the bottom of page 384,

State ex Pyles v Industrial Commission, 132 Oh St, the Supreme Court said:

"In January, 1936, Pyles filed an application for modification of award, requesting compensation for all of his disabilities, including that resulting from the fracture of the trochanter of the femur, and for medical and hospital expenses incurred as a result thereof."

Thus, it is obvious that the application which the Supreme Court found that the Commission denied upon jurisdictional grounds is that of January, 1936. Then, too, this is the only application which Pyles instituted and made. The action which was taken as of date November 9, 1934, should not and in our judgment could not foreclose the relator in his right to file an application in his own stead. This so-called application was nothing more than a statement of facts relative to the second injury and was not characterized as to form nor as to benefits claimed. All that was done is reasonably attributable to the result of the investigation conducted by the Commission on its own motion after notice of the second injury. The right is accorded a claimant to choose his form of procedure and to file his own application with the Commission. Industrial Commission v Marsh, 121 Oh St 494, 2nd syllabus. There is no dispute that the relator duly filed his application for rehearing within the time prescribed by law after the order of the Commission, of date April 20, 1936. It follows that relator is entitled to a rehearing as prescribed by the Code.

We are unable to support the claim of respondent that the application of January, 1936, is not within time because filed more than two years after the date of the original injury. Upon the theory which the Supreme Court adopted, the relator's right to allowance of compensation under §1465-90 GC, if established, arose as of the date of the second injury.

Writ allowed as prayed.

BARNES, PJ, and GEIGER, J, concur.